Environmental Court of Vermont
State of Vermont

=============================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
=============================================================================

In re Bedard PRD (17 Lot)                          Docket No. 104–5–07 Vtec

Project:      Bedard PRD and subdivision application (sketch plan approval)

Applicants:  Appellants George G. and Janis G. Bedard
             (Appeal from DRB determination on PRD/subdivision application)

Title: Motion for Summary Judgment, No. 4

Filed:       May 8, 2009

Filed By: Paul S. Gillies, Atty for Appellants George G. & Janis G. Bedard

Response filed on 06/22/09 by Appellee Town of Hinesburg

Reply to opposition filed on 07/07/09 by Paul S. Gillies, Atty for Appellants
     George G. & Janis G. Bedard


___  Granted              __X_  Denied                 ___  Other


        George and Janis Bedard appealed the denial by the Town of Hinesburg
Development Review Board ("DRB") of their application for sketch plan
approval of their proposed planned residential development ("PRD") and
subdivision on their 53.7± acre parcel along Texas Hill Road.  Appellants'
property lies in the Rural Residential Zoning District II ("RR II District").
Appellants' seek to ultimately secure approval to subdivide their property
into seventeen new lots, sixteen of which would each be developed with a
single family residence; the seventeenth lot would be held as common land.
Each of the proposed residences would be on an undersized lot,[1] thereby
allowing the residences to be aligned closer together than would otherwise be
allowed under the applicable zoning regulations; the common land would
include 38.1± acres.

        This appeal is currently scheduled for a hearing on the merits.  Now
pending before the Court is Appellants' motion for summary judgment.  In
support of their motion, Appellants assert that no material facts are in
dispute and that the applicable provisions of the Town of Hinesburg
Subdivision Regulations ("Subdivision Regulations") and Town of Hinesburg
Zoning Regulations ("Zoning Regulations") direct that summary approval of
their sketch plan application should be entered as a matter of law.

        Whenever considering a motion for summary judgment, which essentially
is an argument that a trial court should dispense with a trial and enter
judgment summarily, we must view all the material facts in a light most
favorable to the non-moving party and only grant the pending motion when the
applicable law unquestionably directs that the moving party is entitled to
judgment.  In re CVPS, 2009 VT 71, ¶10, citing In re Hildebrand, 2007 VT 5,
¶ 9, 181 Vt. 568, 917 A.2d 478 (mem.).

        We begin our analysis, as Appellants suggest, with a review of the
applicable provisions of both the Subdivision Regulations and Zoning
Regulations.  Initially, it would appear that our first reference to the
minimum lot size for the RR II District (three acres, pursuant to Zoning

---

[1]  The sixteen lots Appellants propose for residential development vary in size from 0.7 acres to 1.4 acres.  The minimum lot size allowed in the RR II District is three acres.  Zoning Regulations § 2.4 and Table 1, referenced therein.

Regulations § 2.4 and Table 1) would also mark the end of our analysis, since all of the sixteen lots Appellants propose for residential development do no conform to this minimum lot size. However, the Town of Hinesburg ("Town") has authorized the development of undersized lots, when those lots are part of a PRD. The purpose stated by the Town for PRD development is "to allow for innovative and flexible design and development that will promote the most appropriate use of land . . .." Zoning Regulations § 4.5.1.

The presence of substantial factual disputes in these proceedings becomes apparent when we review the standards against which PRD's must be judged. Zoning Regulations § 4.5.1 establish five criteria for PRD review, some or all of which are fact specific and in dispute in this appeal. Similarly, the Town cites the Court to standards in the Subdivision Regulations[2] that call for the Court to render determinations on facts that the Town disputes, including the suitability of Appellants' land for the proposed subdivision and development and whether improper drainage, steep slopes or other topographical issues may impede development. On such issues, the Town offers the affidavit of the Town of Hinesburg Planning and Zoning Director, who expresses concerns about the density of the proposed project, particularly in light of the topography of this site and the surrounding neighborhood. The Planning and Zoning Director asserts that the proposed development is inappropriate, due to wet areas on the site and other drainage issues; he makes reference to a history of "low-yielding, problematic [water supply] wells" and offers the assertion that "Appellants' assumption of an adequate water supply is unsupported." All these factual assertions, supported by affidavit, lead to our conclusion that material facts are in dispute, thereby making a trial necessary to render judgment.

Applicants correctly note that municipal review of their project is at its earliest stage, and that all that is afforded an applicant who secures approval at the sketch plan stage, is the authority to submit a preliminary plat application. Subdivision Regulations § 3.1. But both the Subdivision and Zoning Regulations call for the DRB in the first instance, and this Court on appeal, to render factual determinations at the sketch plan stage. Due to the Town's presentation of factual representations in conflict with Appellants' factual representations, we must conduct a trial to resolve those factual disputes. The trial now set for Wednesday, October 14, 2009 shall remain as scheduled. The parties should be prepared to discuss whether a site visit is appropriate, prior to trial, when the Court convenes the final pre-trial telephone conference on Thursday, October 8th, at 4:00 PM.

| _____ | __October 6, 2009___ |
| Thomas S. Durkin, Judge | Date |

========================================================================

Date copies sent to: _____          Clerk's Initials _____

Copies sent to:
    Paul S. Gillies, Attorney for Appellants George G. & Janis G. Bedard
    Ernest M. Allen, III, Attorney for the Town of Hinesburg
    Interested Person Nanette Smith
    Interested Person Shane McCormack Esq.
    Interested Person Jeffrey Washburn
    Interested Person Peg Montgomery

---

[2] The parties have not yet provided the Court with a copy of the Subdivision Regulations; we expect that a copy will be offered into evidence at trial. For the purposes of the pending motion, we rely upon the accuracy of the Town's reference to the applicable provisions of the Subdivision Regulations.